Judge Gregory, may it please the court, I'm the director of the Appellate Litigation Clinic at the University of Virginia School of Law, and it's my pleasure to introduce two third-year law students who will be arguing for Mr. Parrish today. Rachel Martin will be handling the opening argument, and Andrew Nell will handle the ruling. Thank you. Welcome. Martin. Yes. May it please the court. I'd like to start with the issue this court specifically asked us to address about the significance of Section 2107C. And then I'd like to speak to why Parrish's complaint was timely under Heffrey-Humphrey, and then the government's new 11th hour argument that Parrish's administrative plans were premature. First, on Section 2107C, that statute codifies the substantive timelines for appeal in Rule 4. Like the rule, it tells us when a court can, quote, reopen the time for appeal. But it does not speak to how an appeal is executed, including the procedures for filing and processing a notice of appeal. Those are governed solely by Rule 4, which Parrish satisfied, as the district court found and the government does not contest. This court has long held that a notice of appeal, already on file, but premature, becomes effective when the conditions making it premature are resolved, without any need for a second notice. Parrish received notice of the district court. That's probably a difficult analogy, because the premature appeal is filed before the appeal is actually required. But it doesn't extend the time for appeal. What it does, it recognizes an early appeal to be okay when the appeal is filed. I mean, when the time for filing the appeal. But in this case, he filed his appeal late and beyond the time that he could get an extension. And at that point, I mean, basically the case is over. There's nothing there. But Rule 4, A6, provides an opportunity for six months to reopen, to file an appeal, within a window of 14 days. And it says, actually, the district court may open the time to file an appeal. So when the court opened the window in this case, which was way beyond the appellate time, it created a 14-day window in which to file an appeal. And as we know, he didn't file an appeal in that period. And so it seems to me, this is significant in this case, not because your client's pro se, which I think we have to consider, but it's jurisdictional. It goes to our power to hear the case. First, Your Honor, it says to reopen the time for appeal, not the time to reopen, to file an appeal. I'm reading 6. It says the district court may reopen the time to file an appeal for a period of 14 days. Is that what you're reading? No, I have- 2107 and Rule 4 are different. 2107 is what you're reading from and Judge Niemeyer's reading from Rule 4. They're slightly different, right? Oh, okay, okay. Sorry, Your Honor. I was just, I just had it right here in front of me. I'm not sure it's a significant difference, but time for appeal or time to file appeal, it seems to me, could be thought of to be the same concept, right? Yeah, so this, so Rule 4, the specific, this court and the Supreme Court have repeatedly said that the requirements of Rule 4 should be construed broadly, such that even technical deficiencies in the rule should not be heard as well. You have to focus on the deficiencies. The cases you cited were deficiencies with respect to the notice. Insufficient references to judgments or whatever, orders or whatever, and the attempt to appeal particular aspects of the case. But here we're talking about something, as you know, is jurisdictional.  the time to file an appeal goes to the power of the court. And Rule 6, I don't know of a case that said we should relax Rule 6 and just say that you don't have to file the appeal. So the substantive timelines in Rule, in 2107C are jurisdictional. And Parrish met those when he received notice from the district court, 93 days after the judgment entered, and filed his joint notice of appeal and motion to reopen less than 14 days after that, which can be ascertained by the postmark. However, the exact how you process the notice of appeal, those are governed only by Rule 4, which is not jurisdictional. This is essentially the exact same situation as in Clark, where the document that functioned as a notice of appeal. You say the notice of timely time periods in Rule 4 are not jurisdictional? The time periods which are mirrored in 2107 are jurisdictional, but the exact procedures for notices that are in Rule 4 are not in and of themselves jurisdictional, because they're not- No, I'm just talking about the time periods. We have here, we're looking at a time period beyond all extensions available under either the rules of the statute. No. So he didn't file within 60 days of the order, and he didn't file within the excusable neglect period, and he didn't ask for an extension. So he's beyond all that period. The statute gives him one last look, statute and the rule, for 180 days, and it says you can file a motion to reopen. In this case, the motion to reopen was filed and granted. So now the motion's reopened, but the question is reopened to file an appeal or for appeal, whatever the language you want to rely on. And at that point, he didn't take advantage of the opportunity given to him to file an appeal. Ms. Clark, you were about to mention that file an opinion with Clark. Yes, so in Clark, the plaintiff filed a motion for an extension of time. He did not file a notice of appeal, but this court construed that as including both of those documents. And so when the motion to extend time was granted, the district court, or sorry, this court said that he did not need to file a second notice. Then the motion and notice that he had filed became effective. And every other situation in rule four- But that's an extension of time. That has different principles and different rules. The court can extend the time. A person files an appeal late, and the court can extend the time and consider that appeal appropriately filed. That's standard procedure, but that's a different rule. But we're talking about reopening the case after it's been, the times have expired for extension. In both cases, the notice of appeal would have been late when filed and premature in relation to the, when the motion to extend or reopen was granted. We don't believe that there's any real difference between extending the time and reopening the time for that purpose. In fact, in every other situation- Can you help me understand? So that sort of raises the concern that I've got. So I look at 2107 and it tells us that you file after the judgment, right? And so that's satisfied, but then it sets up, that's a sort of, you have to do it after the judgment, but then before 30 days. Here's 60 because of B, but either way, right? But that's the window. And then at the end of 60 days, that window closes. And then we have this 2107C that tells us you can reopen the window. But by definition, it seems like when I read the word reopen, right? It means that in the interim, it's still closed, right? I mean, the very nature of the word reopen means that it was closed before. And so help me understand how I can read the word reopen in the manner that you're suggesting. I mean, he plainly filed it in the period that was what I interpret as closed. And what I'm having trouble understanding is like how he could then file it in the 14 days, which is the only time that it is quote unquote reopened. Right, that word to me is the problem I'm having with your argument, I think. So a few points. First, because the requirements of 4A5 and 4A6 are slightly different, you need to have received late notice of the judgment below for 4A6. Congress needed a different word to help courts keep them straight. I mean, reopen just means that the time was reopened. It doesn't say when it was reopened from, whether it's reopened effectively for the entire period. No, no, it's actually quite specific, right? It says reopen, not just generally reopen, reopen for 14 days, right? I mean, it's like extraordinarily specific, right? I mean, it's not reopen retroactively. It's reopen for very specific. Even if that's the case, in every situation- What do you mean, even if that's the case? Like, I mean, it does say reopen for 14 days, right? I mean, that's what it says. Yes, Your Honor, but in every situation where Congress or the courts thought to address the issue, a notice that is filed before the time is open to appeal is made effective when the condition's making a premature resolve. Even if there's substantive changes in the order and the interim. And it used to not be that way, but the Rules Advisory Committee said they were concerned about the fact that many pro se litigants did not file second notices of appeal and they didn't want it to be a trap. All right, so they do that in 4A2, to the extent we're looking to the rules. I'm not sure the rules can change the statute, but if we look to the rules, like 4A2 gives us one example where that happens, right? Where if you file it after the announcement, but before the entry of the judgment, then we'll deem it, even though premature, we'll deem it having been filed later, right? But we know like that's one exception, but you don't fall in that exception, right? Because you filed it after the judgment was entered, not before. And so that exception suggests to me that we shouldn't make up another exception. Well, whether it's before the time is open or after the time is closed, in either cases, the time would not be open. Right, but 4A2 gives a specific, gives a specific direction of what to do if you file before the entry of the judgment, right? And so it creates an exception for that situation, but by doing so does not create an exception for your example, right? And so you're asking us to read in a 4A2 equivalent when a notice of appeal is filed during the window closed period after the entry of judgment. And that's just like making it up, makes a ton of sense, right? Like 4A2B might all include this very exception, right? I totally get your policy arguments, but what I'm having trouble doing is understanding how I can get there. Yeah, so I would say simply that Rule 4 in Section 2107C simply do not speak to how to treat premature notices of appeal. And- 4A2 does though. 4A2 tells us how to treat a specific type of premature notice of appeal. They do not say how to do it in this situation. And the Supreme Court has long said that we should not take Congress's silence as being necessarily indicative one way or the other. No, but the Supreme Court also tells us that when we create, when a statute or rule creates one exception, we should be very hesitant to create another exception. Right? I mean, that's the idea that once you start creating a list of things, one exception, that we shouldn't create a different exception that doesn't comply with the statutory, in this case, rule-based demands. That's an exception though for the 30-day notice issue. Like Congress didn't necessarily address exceptions for the 4A6 provision. I presume that neither Congress nor the Rules Advisory Committee foresaw this sort of situation. And does that answer your question? Sure. Okay. Moving on, the core issue in this appeal is the timeliness of parishes' complaints. And the only thing this court needs to decide is that the district court erred in choosing June 3rd, 2016 as the date when parishes' disciplinary proceedings were favorably resolved for the purposes of HEC v. Humphrey's formula. If a government has conceded error, they concede that HEC applies and they concede that it told the statute of limitations through January 25th. This court should not reach their 11th-hour argument. It is waived that parishes' administrative claims are premature. It is waived and directly contradicts their argument below. Your Honor, I assume my time is up. There are no further questions. You're seated. Thank you, Ms. Martin. Mr. Palmer. May it please the court. My name is Jordan Palmer. I'm an assistant United States attorney for the Northern District of West Virginia. I'm here today representing the appellee defendant in the United States of America. The district court's dismissal of plaintiff's claims should be averted in this case. This is a procedurally complex case arising out of inmate Donkey Parrish's various allegations of malmeasance by the Bureau of Prisons, charging him with killing or involvement with the killing while he was incarcerated, and his eventual expungement of these charges. The underlying alleged facts in this case aren't particularly relevant here today because this case is here on a litany of procedural grounds. Overall, Parrish will not concede to any procedural bar to the filing of his Federal Court Claims Act complaint. According to him, FTCA SF95 has to be filed before a claim is right. Plaintiffs have no requirements under the prison mailbox rule other than saying the complaint was placed in the mail on time. The United States Sovereign Waiver of Immunity under FTCA claims gives court litigants up to a six-year statute of limitations. His very narrow SF95s can encompass a litany of different claims, and plaintiffs can make a whole host of novel factual allegations in response to motions dismissed. Factual allegations would actually contradict their pleadings up to that point, and if a non-mandatory reply is not filed, the defendant weighs in the arguments based on those new facts wherever, even if those arguments are jurisdictional basis. So I want you to talk about the 2107 issue, but since you mentioned it, can you just sort of briefly help me understand under 2401 the sort of alternative argument that's made here that where it says or in 2104B, it means or, and you say it means and? Can you help me understand why we would read that or to be and? Yes, Your Honor. A parish argues that 2401 is disjunctive, and effectively every court in the United States is being irrational, and mistaking a reading in a saying that an FTCA tort litigant needs to bring their claim within two years and suit within six months of age denial. Under parish's reading, if a tort plaintiff presents his claim to an agency within two years, he's treated like a non-tort plaintiff and benefits from a six-year statute of limitations, but if he brings it after two years, the limitation is shortened to six months after agency denial. No, I don't take that to be the reading at all, right? What I understood him to be saying is that every action has a six-year statute of limitations. There's an additional limitation on tort actions, right? But that's in B. I believe my understanding of plaintiff's position is that they're effectively giving plaintiffs an incentive for filing early. Yeah, no, it's odd. Reading the language as it's written leads to a little bit of an odd result. I'm not sure it's an absurd result, but it's an odd result. I mean, fine, but we sort of take the text as we got it, right? If Congress messed it up, they can fix it. The Ellison Court, which I believe was a case out of the Fifth Circuit, demonstrated most clearly how a statute should be read. A statute that precludes an action disjunctively if plaintiff fails to meet either of two requirements generally is gonna be the same as one which requires conjunctively a plaintiff to meet two requirements. And here, it's a disjunctive. If you don't meet either of these, or, then you don't get to make your case. You're untimely. Since in the negative, it says an action is barred by A or B, then if either is satisfied, it's barred. Is that the way you read it? If either is not satisfied. If something is barred by A or B, then either one of them will bar it. That's exactly right, Your Honor. So, totally with you on that. And if the statute said it's barred by one or two, but it doesn't say that. It says barred unless presented to an agency or filed within. So, it's the opposite of by. The by example actually just changes the statute. It's certainly not the most clear legislative craftsmanship. But I think maybe the way to understand it would be, action shall be forever barred unless this circumstance arises. It's presented within two years. Or unless this circumstance arises, it's begun within six months. It's still, I understand it's an or. I understand it's not written precisely. Under either reading, frankly, I believe. But this one seems to follow from the, not only intended legislation, but can be read this way, literarily. Judge Richardson raises the interesting point. It's sort of like a double negative built in. And the logic starts to fall apart at that point. It's a little bit difficult. I think that this is the correct reading. And I think that there's no reason, and this is, frankly, this is the way the court, this court has read it under Henderson. Now, that case wasn't, this issue is not. That's not binding on us, right? I would agree, it's not binding. But this is how this court has interpreted that statute, at least briefly and passively. Turning to the jurisdictional issue that the courts addressed at length in the opening argument there. The United States does not dispute that Parrish's appeal should be considered timely. This court has a general policy of construing notices of appeal liberally, especially at pro se filings. And given this court's determination in Clark v. Cartlidge that even a pro se motion for an extension of time to file an appeal should be construed as an implicit notice of appeal, it seems to fall into the case where Appley actually filed a notice that was. You know, an extension, both sides collapsed the extension jurisprudence with the opening, reopening. The extension is, actually keeps the case in play. So somebody files an untimely appeal. The court can ratify that by granting an extension so long as the statute's complied with. The gates that were given by the statute and the rule for extensions were all foregone in this case. The time periods were not satisfied. You have to appeal within 60 days and you have to seek an extension. If you want an extension, you have to file within the excusable neglect period. But the, so at that point, everything's dead in the case. The case is over, so to speak. Everybody used earlier the word closed. And that can go up for five, six months. On the 179th day after the judgment, somebody can come in and say, I want to reopen. Court can grant it. And at that point, it seems to me, it suggests that then you should file your appeal within the 14 day period from the order reopening. Yes, Your Honor, I think it's probably- But that's not an extension notion at all. Extension is an existing case where you can extend it. And this is reopening, which is a totally different concept. It seemed like the government was well-placed in not contesting it because it's consistent, I think, with this court's precedent in Clark, the case in Evans. I mean, it is, the law doesn't require a futile act in that sense. It's about notice. I mean, the previously filed notice is still in the breast of the court. And so when you open up the time, it's still there. It just makes no sense to say, oh, it's almost like playing Simon Says. Oh, it's there, but you didn't say Simon Says. But so I think it's consistent with common sense, that our precedent, and I understand why the government did not oppose it here. Yes, Your Honor, I think it would be disingenuous for the United States to take a position that we weren't on notice that Harris wanted to reopen. Right. This helped me understand, I mean, because Clark, I mean, I get notice is like the central point coming out of Clark, but Clark is like very explicit to say, right? Yes, it's notice, but it still must be timely. And almost like it, you know, highlighted or underlined like the timeliness, which wasn't an issue in Clark, right? Clark sort of acknowledges is a separate story, right? I mean, I guess I'm having a little trouble understanding why you think Clark really bears very much on what we're doing. Clark absolutely says for purposes of rule three, right? We're gonna be pretty functionalist about, did you have notice, right? But the timelines are not about notice, right? They're about finality or, you know, lots of different ideas we could talk about timeliness, but Clark sort of acknowledges that timeliness remained a requirement of whatever notice was given, right? I don't think there's any dispute that is, what was construed as a motion to reopen this timeline. It was filed, that notice of appeal was filed within 14 days of when he received the court's decision, when the district court determined he received it on June 25th. He files, it's postmarked that he filed a notice of appeal. Yeah, but the question is whether the notice of appeal is timely. The notice, it was construed as a motion by this court. It was back to the district court and the district court decides, yes, we're gonna reopen the timeline. Parrish does not file a second notice of appeal. He simply didn't. It's really whether or not he needs to either file a second notice or if it's reasonable for the district court or this court to construe that original notice as a notice motion combination, particularly for a prese filing. The United States simply doesn't dispute that it's appropriate for this case. Moving on to another procedural issue. Well, you know, if we construed that as a notice of appeal, then he'd be out altogether because we don't have the power. You know, it seems to me we sort of ignore the Supreme Court's decision in Bowles versus Russell. And it was pretty clear and pretty precise. It goes to the very power of the court. It's not notice, it's not equitable. They rejected all those notions. They said it's a timing issue. And we have routinely dismissed appeals one day late because it goes to the power of the court. And so if we treat his notice of appeal as a notice of appeal, he's out of court. It's untimely, no subject matter jurisdiction. The only benefit, and he couldn't get an extension then either. He's too late for an extension. So the only thing we could give him the benefit of is a file to reopen. And we gave him the opportunity to reopen to file an appeal. And he was, the district court granted the motion to reopen. And the statute says from the date that quarter enters that order, he has 14 days to file an appeal. Yes, Your Honor. I don't see how we can play with that timing. Well, I mean, I think it's just whether or not that notice which was construed as a motion can be construed as a joint notice. It's not a construction issue. If it's a notice of appeal, he's dead in the water. We took it on the face as a notice of appeal. He recognized, everybody recognizes it's in the closed period. It's nonsensical, doesn't make any difference. You just dismiss because we don't have subject matter jurisdiction. The only hope he has is if we treat it as a motion to reopen. Now, the motion to reopen can be filed many months after the judgment. And it's the wild card. Well, the notice was construed as a motion by this court. The first time after the notice of appeal was filed, this court sent it back down. Can I ask it a slightly different way? I just wanna make sure I understand the government's position. So imagine a hypothetical, which is not our case, right? But 90 days after the entry of the judgment, somebody files a motion to reopen, right? On the 91st day, sort of a separate day, he files a notice of appeal. On the 100th day, the district court grants the motion to reopen for 14 days, right? Is your position that the notice of appeal filed on the 91st day is sufficient? That it springs forward into the 14-day period, and so we should deem it filed in that, because you keep, would that work? Is that, under your theory, that suffices? Your Honor, I'm only prepared to address the facts in this case today. Well, this is a hypothetical, and you're here to help us, so give me your best shot. I understand, Your Honor, but this is, I think that if we run too far afoul of facts here, we're gonna lead to a lot of difficult circumstances. What's your answer to his question? Right, but what I'm trying to understand, right, is that assume, all right, if you don't like the hypothetical, I'll do it on this case, I'll ask you the same way. Right, so assume I interpret what he filed in this case as both a motion to reopen and a notice of appeal, right? And then the court, much later, grants the motion to reopen for 14 days. Help me understand why the notice of appeal that was filed during the closed period, right, after the 60 days had run and before the motion to reopen was granted, why or how does the notice of appeal that was filed spring forward into the 14-day period that's reopened? That's what I'm having trouble with. I think it's up to either this court or the district court's determination of whether or not they want to construe it that way. So 2107 is generally- No, but that's not construing it, right, because that's what I'm trying to do. I'm trying to take away this construction argument you're making, right, because I've already construed it as a notice of appeal, right, and my question is not whether I construe it as a notice of appeal. My question is, why does it spring forward into the 14-day period that's reopened, right? I don't care, it is, let's call it a notice of appeal. That's fine, but it's not filed during the 14-day period of reopening, and 2107C says it's only reopened for 14 days. I think it comes back to the construction issue, Your Honor. How? Because if the district court wants to construe or is willing to construe that notice and motion, that notice as being filed, they're simultaneous with the granting of that motion or afterward, it has the purview to do so, and the statute, 2107, doesn't have that. Wait, wait, so it can just pick? I mean, we had this issue come up in another context, like the district court doesn't get to pick when something's filed, right? So we interpret this in lots of other statutes. When something is filed, it is a very specific term with respect to litigation, right? And a district court, for example, because there's no payment of IFP fees, can't determine that it has not been filed. We say filed is when it's submitted to the court, right? So the district court doesn't have the power to change when something's filed as a general matter, right? Sure, yes. I think it'd be similar to court then. They construed this motion, or excuse me, they construed a motion for extension, strike that. They construed the pro se motion for extension of time to file an appeal as an implicit notice of appeal. It seems to be the embers of that, that's all we're dealing with, except that that was under Rule 3. The district court didn't construe it the way you suggested, though, that springing forward. The district court said, pursuant to Federal Rule of Appellate Procedure 4A6, following a thorough review of the circumstances of this case, the court reopens the time for Parrish to file his appeal for 14 days following the entry of this order. That was the court's statement. And so it seems to me, you read that, he has 14 days to file his appeal. Yes, Your Honor, I understand that that's the case, but my, simple and unconfident, I'm an expert in the court's, features of the court's rules, and on the very same day, supplemental request on record was submitted to the district court. Well, fair enough, but that doesn't have any, that's a, an accommodation, that's the administration of the case. Doesn't that occur when a notice of appeal is filed? Well, he has to file his appeal. You're right, the same things occur. It's amazing that a pro se litigant can have been put to this kind of task. Well, I think Evans said it so well. He says, in a situation that would amount to no more than paper shuffling. The appeal is there, he said it very aptly. The appeal is there. I mean, and to find someone, someone should try to find, that's what is in Evans, this is in Clark, and to find, to parse this out in a pro se case, when the notice of appeal is already there to say, ah, well, you know, 14 days was open, I think most people would say, well, I've already done that then. If you don't, if you haven't filed one and you don't do something in 14 days, there's nothing there. You know, but to say that, I think it's inconsistent with our precedent, and for this panel to, you know, I think change that, and I appreciate it very much, Mr. Palmer, for your take on the argument, because normally we tell people when you haven't put something in your brief and haven't said it, you can't argue, and now you're being forced to argue something when you said just the opposite is not an issue. But I think it's pretty clear from our precedent, it is exactly, it amounts to no more than paper shuffling. That's what we said in our Fourth Circuit precedent. It's the same thing. Go ahead. I can, I'm running low on time, if I could briefly move on to some of the other issues. There are three possible dates that Parrish's claims accrued. One is June 3rd, 2016, when the re-hearing was ordered. The other is January 25th, 2017, when the re-hearing actually occurred. The final is October 18th, 2017, when the report from the re-hearing was executed. The parties in front of this court agreed that Parrish was incorrect, and his SF-95's complaint did not accrue on June 3rd, 2016, and that's the date that was used in the initial motion to dismiss the United States file in the public court. The United States contender does not exonerate a pursuant to HEC until October 18th, 2017. So Parrish implies that the United States disclaimed this argument, and its response, that's not true. We indicated that nothing turns on that issue, because we believe that under the January 25th or October 18th date, Parrish's claims were premature. The only difference being under the October 18th, 2017 date, his complaint actually was premature, in addition to his SF-95's. And there are two intertwined reasons why Parrish's SF-95's are premature. One is the HEC doctrine, the other is the prison litigation reform act. I see about a time, Your Honor, I'm gonna stop now, unless you want me to finish this. Well, you won't have any time to finish it. All your time is in one batch, but if you want to take a couple of minutes to, because you did get burned down with something you never made an issue of. Go ahead.  I'll be brief. We aren't contending that the claim should be dismissed for a prison litigation reform act jurisdictional issue. It's an FTCA jurisdictional issue. Now, the PLRA and the HEC doctrine are all intertwined in it, but it's a lack of jurisdiction under the FTCA. Parrish's PLRA administrative remedy process was still pending. He had not been exonerated pursuant to HEC until at least January 25th, 2017. He files his SF-95's in the spring of 2016. He was effectively trying to kick off his FTCA claim before his claim had accrued under HEC. Somewhat irrational for a claim to be able to begin process before it's accrued in the FTCA. And as the FTCA is a jurisdictional statute, which well established under Henderson, a number of cases cannot be weighed or really lack jurisdiction to address that, this case. Thank you. Thank you, Mr. Palmer. Mr. Neal. Thank you, Your Honor. I'd like to pick up with the point that the government just left up on, whether or not this court has jurisdiction under the FTCA. First off, I'd say, if I find one made clear, 2401 is not a jurisdictional bar. The government's arguments that the HEC rules somehow applies in the agency context suffers from two forfeiture problems, and it's also wrong on the merits. It's forfeited because even if HEC did apply  the Bureau of Prisons didn't rely on it in this adjudication. So, it's not a jurisdictional bar. It's forfeited because even if HEC did apply in the agency context, they didn't rely on it in the district court. And it's also wrong on the merits because HEC simply doesn't apply in the agency context. Going to why it's forfeited, I'd point this court to the Ninth Circuit holding in Reyes, where the court made clear, whatever procedures the Bureau of Prisons might have when it comes to adjudication of these claims, if the Bureau itself chooses not to rely on those procedures, they can't then go into district court and fault the inmate for not complying with those procedures. And the Ninth Circuit's holding in Reyes collected eight other circuit courts that reached the same conclusion, and that's just a longstanding principle of administrative law. It's also forfeited because the government didn't raise this below, and the Supreme Court made clear in Jones as well as in Woodford, that the Prison Litigation Reform Act is not a jurisdictional bar. It's an affirmative, waivable defense, and the government didn't rely on it  And finally, it's wrong on the merits because HEC is simply a rule about when you can get into federal district court. It says nothing about what procedures the Bureau of Prisons uses within its own adjudicatory process. And it has to do with the historical habeas in courts, that when you go into federal district court, you can't attack the merits of your prison discipline or your confinement, except through the habeas remedy. There's nothing stopping the Bureau of Prisons from simply having a unitary process in which they say, file a single form, list all your grievances, we'll decide if you're wrongly disciplined on the merits, and also give you a dollar value if you were. We think it's telling. HEC has been on the books now for over 30 years, and the government can't point to a single instance, a single case or anywhere in the Code of Federal Regulations applying anything like a HEC bar. In fact, the only thing that the CFR says about how you comply with the FDCA is in 28 CFR 14.2. And all that says is that the inmate has to file the standard form 95, listing their grievances and attaching a sum total dollar to their claims. And Mr. Parrish did both of those two things here. He fully complied with his obligations under the FDCA. Briefly, Judge Richardson, I'd like to touch to your questions earlier about the language of 2401. We believe to the extent that this court has any concerns, you don't necessarily need to resolve whether or means or, or whether or means and to resolve this case due to the government's concessions. But that said, I think you touched on the heart of this, that the language of 2401 does not use the word by, and what the Ellison Court did, that's the Sixth Circuit's ruling, is they changed the language to read if not. And by what I mean by that is the Ellison Court said that the tort claim shall be forever barred if you don't comply with the first requirement or if you don't comply with the second requirement. That's not what the language of 2401b says. It has two unless clauses, and those are two independent exceptions to the general rule that tort claims exist. So tell me why it's not absurd to read. I mean, sort of let's start with the idea that it's a little odd to read it as or, but tell me why it's not absurd. So the reason why I think absurdity is a fairly high bar and this court would have to say essentially the statute doesn't operate as written, and it clearly does. The way the statute works is that you either present your claim to the agency within two years. If you take longer than two years, you're gonna face a greatly shortened six-month statute of limitations. But if you do timely present your claim to the agency within that two years, you then face the six-year statute of limitations that all people see in the United States. So why do I read B as sort of an addition to A instead of an exception to A? So you might read A as saying, listen, the general rule is six years, but for tort claims, we have a different set of rules, right, an exception, not an addition. And that's the two years or six months. But if you read it that way, then B would mean in year 10, if you submit to the agency and they deny you because it's untimely, you would then still have six months to show up. Do you understand? Well, so I don't quite think that's how, so let's say on your hypothetical, you go to the agency on year 10 and the agency denies your claim. At that point, you're already outside that six-year statute of limitations. But why isn't the specificity of B governing over the general of A? So in other words, A is like, yes, this is the general rule. B says for tort actions, and what we have here is a tort action. This is what the rule is. It's barred unless these two different rules. And so that specificity on tort actions overcomes the general rule in A. Why don't I read it that way? So I guess I'd have two points, Your Honor. The first is that I think as a general rule, we should generally read statutory provisions to work in unison instead of in tension, unless there's some indication that one is meant to be an exception to the other. But second, directly to your exception point, 2401B is an exception to A, but it's a limited exception. So it's not a wholesale, we're completely disregarding what A says. It says that in these court claims against the United States, that we're gonna have a slightly different procedure. We want you to go to the agency first, and we want you to do so in a timely manner. And that's why we're attaching the six-month limitation for district court filings for people that don't go to the agency earlier. But I think if you just read 2401B in isolation, you would reach the problem of the statute plainly says or. And so it most naturally reads, why would Congress say do one or the other? It would seem like you then have no window to go into district court if you present it within two years. And the reason is, is because A is there. And so Congress understood when they were drafting the language of B, there was still this general rule of A that would govern for individuals that did present their claims to the agency within two years. So your view is that in year 10, when the agency denies an off-file within six months, that's barred because of A, even though I complied with the literal language of B. Well, at that point, you wouldn't have complied with the literal language of B. You wouldn't have presented your claim to the agency within two years. Yeah, but it's or. That's the whole point of this, right? Is that the or that I'm satisfying is I filed within six months of agency denial, right? And so year 10, I filed with the agency. They say, this is untimely, denied. And I say, okay, well, I can satisfy B. I definitely failed on the first one. I'm not within two years, right? But year 10, right? I can still file within six months of that letter. And so I've satisfied B, even though I'm in year 10. So that's why I think that the language of A is there. Is it's an outer boundary. Right, your point is that I still would be barred even though I satisfy A in my hypothetical. Yes. Even though I satisfy B in my hypothetical, A would still bar me. Correct, Your Honor. Your Honor, I see that I'm out of time. If this court would like, I could briefly address some of your concerns about the notice of appeal. If not, I'd be willing to. Well, I've been consistent with, I'll give you a couple of minutes to say what you need to say. Yes, Judge Richard, I just wanted to pick up on your questions earlier about 4A2 being one exception. And I think it's important to understand the case law that went on before the rules were amended. So before the provision in federal rule of appellate future 4A was actually codified, all of the circuit courts in the United States had already been creating this exception. There was nothing in the rules that told them, nothing in the statute, but all of the circuit courts understood it simply made no sense if you filed a notice of appeal before the entry of judgment to then require a second notice of appeal. What 4A2 did was codified what all of the circuit courts of appeal of the United States did. I think if you look at the general case law in this area, it's unanimous on the fact that we don't do what Judge Gregory called empty paperwork shuffling. That all we want to do in these notice of appeals make sure that we know who's appealing from what judgment and to what court. As the government concedes, they were certainly on notice. And had Mr. Parrish, instead of labeling this a notice of appeal, labeled it a motion to reopen as this court construed it, then we'd be essentially in the situation of Clark. And so it seems rather odd to say, well, because he filed an actual notice of appeal in this case, he should be treated more harshly. And I think to your question about it springing forward, well, the way it works when you file a notice of appeal before the entry of judgment is essentially that. It's on record with the district court. It's not timely under the rules, but once that judgment is entered, it then springs forward. That's essentially exactly what happened here. It was untimely, but it was still docketed with the district court. And then when they reopened that time, the notice of appeal on file with the court was now timely. It did have to spring forward. It never evaporated. Go ahead. Correct, Judge Gregory. And so we think, particularly given the situation in Clark, it has to be the case that an actual notice of appeal can't be treated worse off than something that didn't have a notice. And Judge Nimar, to your question earlier, of course, your dissent in Clark was concerned about this very issue of notice. Yeah, he disagreed with the precedent. But no one disputes here that the government was on notice. It's why the government conceded it in their briefing. It's why they conceded it before. Well, I don't think it's an issue of notice. I think it's a Bowles issue. A Bowles issue talks about the timeliness of appeal. And the rules have been set forth both by Congress and the Rules Committee about the timing of appeals. And they've been treated as jurisdictional. So we're in a little bit of a different ballpark than when you prematurely file an appeal before judgment. And it seems to me that's a peculiar circumstance. Sometimes it's very technical because some judgments, as you know, judgment's supposed to be on a separate paper and there's all kinds of other requirements for judgments. But here, the judgment has long been entered. The time for extension has passed. The case is dead. And with the reopening exception, there's a wild card. And it seems to me, we just have to read the statute now. It's not a question of notice. It's a question of timing. So I agree with you. Our 2107C is jurisdictional. The Supreme Court said that in bold. But we don't think 2107C necessarily answers this question. What 2107C does is it lays out the procedures to reopen the appeal. The district court complied with those procedures at JA 330 to 331. And so what we get from the 21- But give me that, just give me the short answer again, so I just understand your position. But how does reopen not necessarily mean that the time that was before that, the window was closed? And so it could not be filed because the window was closed. You can only file when the window is open, right? And so reopen means, and for a specific period. I'm having trouble with the word reopen. So once that period is reopened, the question is what has to happen going forward? And so because the district court granted the motion to reopen it, and because the notice of appeal was construed as a motion, but of course it was still a notice of appeal, we're then essentially in the situation of a plaintiff who filed a notice of appeal before the entry of judgment. It wasn't timely under the rules, but- So your position is it falls under 4A2? But the notice of appeal was definitely filed after the entry of judgment. Correct, but we think that the situations are fairly analogous. In both events, you have a notice of appeal filed before the correct triggering event. Some intervening change happens, whether it's the entry of judgment or in here, the reopening to appeal that now makes it timely. And that notice of appeal that was already presented to the district court is then, there's no need to file a second notice. That original notice is now timely and properly before the court. No further questions. Thank you, Your Honor. We would ask that you reverse the district court's holding and remand this case. Thank you so much. I note that you're a court opponent. I just want to say on behalf of the Fourth Circuit, thank you so much. We depend upon lawyers and students as well to help us with these cases. So thank you so much. And I might say that the Cavaliers were well-acquitted today and of course, Mr. Palmer, for your able representation in the United States here today. We're going to come to our Greek counsel and take a brief recess. Can I just say one thing? Since we have a lot of observers here today, we had arguing in this last case, we had two students from the University of Virginia arguing and I can say that their arguments were just superb. You were well-prepared and I'd like to recognize that on my own behalf.
judges: Roger L. Gregory, Paul V. Niemeyer, Julius N. Richardson